## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SIMEON KLEBANER** | * | |
| c/o Goodwin Weber PLLC | | |
| 267 Kentlands Blvd. #250 | * | |
| Gaithersburg, MD 20878[1] | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | * | Case No. |
| | | |
| **DAVID BERNHARDT, SECRETARY** | * | |
| **U.S. DEPARTMENT OF THE INTERIOR** | | |
| Serve: | * | |
| 1)David Bernhardt, Secretary | | |
| Department of the Interior | * | |
| 1849 C Street, N.W. | | |
| Washington DC 20240 | * | |
| & | | |
| 2) Michael R. Sherwin, US Attorney for the District of Columbia | | |
| 555 4th Street, NW | | |
| Washington, DC 20530 | * | |
| & | | |
| 3) William Barr, Attorney General | * | |
| United States Department of Justice | | |
| 950 Pennsylvania Avenue, NW | * | |
| Washington, DC 20530-0001 | | |
| | | |
| Defendant. | * | |

## COMPLAINT

Plaintiff, Simeon Klebaner, by counsel for Plaintiff, Goodwin Weber PLLC, and David P. Weber and Richard J. Link, attorneys at law, now bring suit against David Bernhardt, Secretary, US Department of Interior, in his official capacity, and in support thereof alleges the following:

     a.      **Age** under the Age Discrimination in Employment Act, 29 USC §626, et. seq.

---

[1] Plaintiff is an active federal law enforcement officer.  His home address is thus withheld from public record.

b.     **Retaliation** for protected activity under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

1.     Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e, 28 U.S.C. § 1343, 28 USC § 1391, 29 USC §633a and 5 USC § 552a.  Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

2.     Venue is proper in the district court pursuant to 28 U.S.C. §1391(e)1 as well as 42 U.S.C. § 2000e-5(f)(3) in that the events giving rise to Plaintiff's cause of action substantially all occurred in the District of Columbia.

3.     Plaintiff has exhausted all of his administrative remedies as outlined below:

- On October 1, 2018, Plaintiff initiated contact with an EEO Counselor for his non-selection for the promotion to Captain positions in 2018;

- After the informal counseling was filed, the Agency's EEO Office never properly served Plaintiff's counsel with the Notice of Right to File a Formal Complaint of Discrimination. On information and belief, the contractor hired to investigate the EEO Complaint never sent the required letters or notice to Plaintiff's counsel of the right to file, even though Plaintiff had advised the EEO counselor that he was being represented by Goodwin Weber PLLC. Also, the Agency failed to respond to the repeated demands for information/documentation sent by Plaintiff and his counsel to the Agency's EEO Office (as to the status of the EEO Complaint);

- On December 10, 2019, Plaintiff initiated contact with an EEO Counselor for his non-selection of the Captain positions in 2019;

- On March16, 2020, Plaintiff filed a formal administrative complaint of discrimination with the Agency (Case No. NPS-20-0149);

- Over 180 days have elapsed since the initial EEO Complaint (NPS-20-0149) was filed.

## PARTIES

4.      Plaintiff is a United States Citizen and a resident of the State of Maryland.  At all times relevant hereto, Plaintiff has been employed as a law enforcement officer for the United States Park Police ("USPP") within the United States Department of Interior.

5.      Defendant David Bernhardt is the Secretary of Interior and is sued in his official capacity as the Secretary of Interior.

## FACTS

6.      Plaintiff is a 54 year-old man.  Plaintiff began his employment with the USPP on January 26, 1997.

7.      At all times relevant hereto, Gregory T. Monahan has been the active Deputy Chief or acting Chief of the USPP.  Robert MacLean was previously chief of the USPP.  Prior to his departure on our about September 2019, when he left the position for a promotion at the Department of Interior Office of Law Enforcement and Security (OLES).

8.      At all times relevant hereto, Michael Wilson has been the Acting Deputy Chief of the USPP.

9.      Plaintiff has held the following positions in his tenure at the USPP (among others):

From March 2011 to March 2013, Plaintiff was the Lieutenant in the USPP Shift Commanders Office.

<u>From March 2013 to March 2017</u>, Plaintiff was the a Lieutenant and Commander of the USPP Aviation Section.

<u>From March 2017 to June 2018</u>, Plaintiff was a Lieutenant and a Shift Commander of the USPP Shift Commanders Office.

<u>From June 2018 to February 2019</u>, Plaintiff worked as a Lieutenant and was the Station Commander of District 5.

<u>From February 2019 to present</u>,  Plaintiff has been a Shift Commander at the Patrol Branch, Operations Division, USPP, Washington, D.C.

10.     Plaintiff has held the rank of Lieutenant since March 2011.

11.     The USPP has consistently denied Plaintiff's applications to be promoted to Captain based on his age and in reprisal for protected activity.

## CLAIMS FOR RELIEF

### COUNT I
### Retaliation

12.     Plaintiff incorporates the above allegations as if fully set forth herein.

13.     In 2016, Plaintiff took the Captain's Promotional Exam.  He was ranked third on the Captains' Roster and was noted to be "well qualified".  The Roster had a list of twelve (12) lieutenants.  The following employees were listed on the 2016 Captain's Roster in the following order of priority:

(1) Lt. Wayne Bridgeforth;

(2) Lt. Jeffrey Schneider;

(3) Lt. Simeon Klebaner;

(4) Lt. Russell Fennelly; and

(5) Lt. Brandi Adamchik.

14.     This 2016 Captain's Roster was later used to promote candidates to a Captain position within the USPP between 2016 and 2018.

15.     After being placed number 3 on the 2016 Captain's Roster, Plaintiff was involved in protected activity, to include the following:

a)  In 2018, Plaintiff filed an informal complaint for discrimination.  This case was investigated but no formal Complaint was filed.

b)  In February, March and April 2018, Plaintiff provided testimony in support of the EEO Complaint filed by his wife, Michelle Schonzeit, who is a fellow law enforcement officer with the National Park Service. That lawsuit concerns a claim of sex discrimination based on her failure to be promoted within the agency.[2] That case was filed on December 21, 2018, and is now pending in this Court (*Schonzeit v. Zinke*, et al, 18-CV-03052).

---

2.     By way of background, in the Fall of 2017, Michelle Schonzeit applied to the position of Regional Chief Park Ranger.  Plaintiff had a conversation with former USPP Chief Robert MacLean, who advised Plaintiff that Regional Director Vogel wanted to hire a male employee - Jeremy Murphy (a GS-12) - for an open Regional Chief Park Ranger position in the National Capitol Region. MacLean and Plaintiff noted in the conversation that Murphy was not eligible for the position as advertised, as Murphy did not have 52 weeks of time-in-grade as a GS-13.  The Agency re-advertised the position so that Murphy could apply, and then Murphy was selected for the position. These facts give rise to the claims that Plaintiff's wife has lodged against the Defendant for gender discrimination in her separate civil action.

c)  The Schonzeit lawsuit was subject to wide publicity, including  publication of an
    article in the *Washington Post*.

16.     In March 2018, approximately, former Chief Robert MacLean and Deputy Chief
Steven Booker were interviewed as part of the EEO Complaint filed by the Plaintiff's wife,
Michelle Schoenzeit.  Deputy Chief Booker was one of the persons who was on the interview
committee for the open Chief Ranger position that Michelle Schonzeit applied for.  On
information and belief, Mr. MacLean and Mr. Booker learned that Plaintiff had disclosed
information to the EEO Investigator that implicated Chief MacLean in the Schonzeit matter.

17.     In April 2018, approximately, Plaintiff provided testimony to the EEO
investigator in connection with the case filed by his wife, Michelle Schonzeit.

18.     The Schonzeit case was widely known throughout senior management of the
USPP.  Since Plaintiff's involvement in his wife's discrimination case, he has been the victim of
unlawful reprisal and retaliation.  The Agency has deliberately and intentionally not promoted
Plaintiff to a Captain's position on several occasions as will be outlined below.

19.     In April 2018 (at the very same time that the EEO administrative investigation
was ongoing in the Schonzeit matter), the following three (3) candidates were promoted to
Captain: (1) Lt. Wayne Bridgeforth (Captain, Watch Commander) (#1 on the 2016 Captain's
Roster); (2) Lt. Russell Fennelly (Captain, Special Forces) (#4 on the 2016 Captain's Roster);
and (3) Lt. Brandi Adamchik (Captain, West District) (#5 on the 2016 Captain's Roster).

20.     In making the selections in 2018, the Agency skipped over Plaintiff who was #3
on the Captain's Roster).  There would be no law-enforcement reason - or any other good reason
-  to skip over person #3 – Simeon Klebaner – on the Roster.   Moreover, the usual practice is to

go down the Captain's Roster in the order they are listed.    In fact, when Klebaner went to the selecting official, then Major Michael Wilson, and asked what he could do better in the future, Wilson said "well your letter looked good, maybe it's because you don't have any command experience."  When Klebaner reminded Wilson that he had served four full years as Aviation Commander, Wilson quickly changed his story and said " I meant at the station or patrol level".

21.    This statement was very confusing to the Plaintiff because Wayne Bridgeforth was promoted from the rank of administrative sergeant, to the rank of Lieutenant and immediately send to Audits and Inspections, a purely administrative position.  Ultimately then Lieutenant Wayne Bridgeforth served no time in any operational lieutenant's position, other than filling in occasionally as a shift commander.

22.    In making the selections in April 2018, the Agency skipped over Jeffrey Schneider (#2 on the 2016 Captain's Roster) presumably because there was a pending investigation involving that officer.  However, Mr. Schneider would later be promoted, meaning that Plaintiff is the only Lieutenant on the top five Captain's Roster from 2016 who did not receive a promotion to Captain.

23.    In April 2018, Wayne Bridgeforth was promoted to the position of Watch Commander. That position requires that the employee oversee the shift commanders of horse-mounted and dispatch operations.   In contrast to Mr. Bridgeforth, the Plaintiff had superior qualifications experience, work history, and time in grade:

a) Bridgeforth had been a Lieutenant since 2015.  In contrast, Plaintiff has been a
   Lieutenant since 2011.

b)  Bridgeforth's prior work experience included audit duties; and supervising 2 sergeants.    Bridgeforth had no operational command experience; no significant full time shift commander experience; no dispatch experience; and no experience in horse-mounted patrol.

c)  Plaintiff had worked as the commander of a large section of the USPP – Aviation Command. Plaintiff was responsible for 3 helicopters, a staff of 15, and a multimillion dollar budget.  He was responsible for preparing performance appraisals on 11 sergeants, the most of any of his peers; and he handled operations to include large demonstrations.

d)  With respect to the specific position of watch commander, Plaintiff had been the shift commander's office on two (2) different tours for a total of over three full years during his time with USPP.  This experience rendered Plaintiff exceptionally well qualified to supervise the shift commander.  Plaintiff had significant experience as both a dispatcher and a dispatch supervisor that included working at the New York City 9-1-1 Center – the country's busiest dispatch center.

24.    In April 2018, Brandi Adamchick was promoted to the position of West District Commander for the USPP. That position requires that the employee oversee the operation of the West District, that comprised two stations.   In contrast to Ms. Adamchick, the Plaintiff had superior qualifications experience, work history, and time in grade, to wit:

a)  Plaintiff has significantly more time as a Lieutenant than Ms. Adamchick.

b)  Plaintiff has significantly more supervisory experience (staff, budget and administration) than Ms. Adamchick.

25.     In September 2018, a new Captain's Roster was prepared.  This 2018 Captain's Roster was later used to rank candidates for any promotion to a Captain position within the USPP between 2018 and 2020.

26.     The 2018 Captain's Roster utilized scores on a Knowledge, Skills and Abilities test.  This test was scored by USPP senior staff, including Pamela Blyth and Captain Christopher Stock.  These individuals had knowledge of Michelle Schonzeit's pending EEO complaint and Plaintiff's relationship to Michelle Schonzeit as they worked closely with former Chief MacLean.

27.     Plaintiff's score on the Knowledge, Skills and Abilities ("KSA") test dropped by over 22 points in 2018 (from the prior score in 2016).  This KSA assessment is not an objective test and is subject to manipulation and subjective interpretation.  The drop in test scores between 2016 and 2018 can only be explained by the Agency's unlawful retaliation and discrimination.

28.     The process of preparing the Captain's Roster and scoring the KSA test occurred close in time to Plaintiff's involvement in the EEO complaint of Michelle Schonzeit.  Moreover, the process occurred close in time to the involvement of Chief MacLean and Deputy Chief Booker, as they provided witness statements in that same administrative EEO process.

29.     On or about November 30, 2018, Plaintiff sent a letter to Deputy Chief Monahan renewing his interest in certain Captain positions, and detailing his qualifications.

30.     In December 2018, the following two (2) candidates were awarded the position of Captain over Plaintiff: (1) Scott Brecht, Criminal Investigations (est. age 38); and (2) Chris Cunningham, Internal Affairs (est age 44).[3]

31.     In February 2019, Deputy Chief Monahan transferred Plaintiff from the District 5 office and he was placed back into the shift commander's office.  Although this was a lateral move, it was a transfer to a position that was less desirous for a law enforcement officer of Plaintiff's background and experience (the shift commander's office is usually where the new Lieutenants are sent for experience, and is seen as an entry-level position).

32.     The timing of the transfer to the Shift Commander's office (in February 2019) is highly suspect as it occurred shortly after the Schonzeit lawsuit was filed and served on the Defendant.

33.     The decision to transfer Plaintiff in February 2019 was intended to hurt Plaintiff's chances of being promoted.  Indeed, in a prior conversation, Major Wilson advised Plaintiff that he should have more "patrol" experience so he could build his resume and be promoted to Captain.  Plaintiff was building "patrol" experience in his time at District 5, so the transfer certainly had the effect of hurting Plaintiff's chances of being promoted to Captain.

34.     The USPP has not proffered a good reason for the transfer out of District 5. Indeed, Plaintiff's supervisor, Captain Green, told Plaintiff that he did not ask for Plaintiff's transfer out of the District 5 Office, and that he expressly asked that Plaintiff not be transferred. Moreover, when Plaintiff requested the reasons for the transfer, Deputy Chief Greg Monahan read a letter stating that Plaintiff was being transferred 'for your professional development'.

---

[3] The ages in this Complaint are estimates provided on information and belief.  Discovery will reveal the actual ages of the employees named herein.

35.     The real reason for the transfer out of District 5 is because USPP has engaged in a campaign of retaliation against Plaintiff.   Indeed, the USPP has had two (2) occasions to transfer Plaintiff back to District 5, but has chosen not do so:

(a) When Plaintiff was transferred out of District 5 (after only 9 months) he was replaced by Ryan Pangretic an under 40 male "rising star".  Mr. Panretic spent only 6 months at District 5 before being transferred to SWAT LT; (b) USPP then installed  Lt. Tim Wallace into that position (est. age 36), and he is also considered a "rising star".

36.     On September 12, 2019, the USPP announced the vacancy position for the Captain, Western District, Patrol Branch, Field Operations Division.

37.     Plaintiff was placed on a list of seven (7) candidates eligible to be promoted to Captain.

38.     No interviews were conducted.  Rather, the selection was made from the aforementioned 2018 Captain's Roster.

39.     On November 22, 2019, the Agency selected Jeffrey Schneider (est. age 36) for the Captain position.  Plaintiff was not selected.

40.     The manner that Schneider was selected evinces an intention to retaliate against Plaintiff.        In contrast to Mr. Schneider, the Plaintiff had superior qualifications experience, work history, and time in grade:

a)      As a commander of the aviation section, plaintiff oversaw the operation of a fleet of 3 helicopters, a staff of 15, and a multimillion dollar budget.

b)  As the special forces duty officers, Plaintiff was responsible for managing special events, including mass demonstrations, mass arrests, officer involved shootings, etc.

c)  Plaintiff was responsible for performance appraisals for 11 sergeants in the aviation unit.

41.    In May 2020, the USPP again overlooked Plaintiff in his attempt to be returned to a specialized unit.  Specifically, on May 15, 2020, Chief Gregory Monahan and Deputy Chief Steven Booker removed Lt. John Dillon as the commanding officer of Aviation.

42.    Within a few hours of the removal, Chief Monahan and Deputy Chief Booker reassigned Lt. Erich Koehler (est. age 31) to this prestigious position, in violation of departmental policy requiring that all lieutenant reassignments be announced and competed for.

43.    Plaintiff has superior qualifications to Lt. Koehler:

a)  Lt. Koehler has been a lieutenant for a period of several months; he had not even completed his probationary period as a lieutenant at the time of his transfer.

b)  Plaintiff has been a Lieutenant for over 9 years and has over 4 years of experience as a commanding officer in Aviation.

c)  Plaintiff has extensive supervisory experience: he directly supervises 5-12 sergeants and up to 60 officers spread out over 5 District stations.  Plaintiff ensures that there is a rapid and effective response to crimes in progress within the jurisdiction of USPP. He works with other Department of Interior and agency personnel to ensure response. He also responds to large demonstrations to protect citizens and keep the peace.

44.    The transfer of Koehler to the coveted Lieutenants  position is a direct violation of the memorandum entitled "Procedures for Filling Positions at the Rank of Sergeant and Above" because there was no notice or announcement for the position.

45.    The Agency has a long and storied history of reprising against those who report

misconduct within the ranks of the agency. *See, e.g., http://www.washingtonpost.com/wp-dyn/content/article/2011/01/31/AR2011013105506.html*. This practice of reprisal continues until the present time. Indeed, on or about May 6, 2020 at an EEO training course, Chief Monahan (the selecting official in this case) stated in the presence of several officers "when are you going to stop people from weaponizing the EEO process and using it as a tool to grieve not getting promoted?" This statement is evidence of an actual hostility towards the EEO process and/or those individuals who (like the Plaintiff) avail themselves of the EEO process.

46.    Plaintiff has been subject to embarrassment, humiliation and public ridicule as co-workers point out that other less-qualified officers are promoted over him.

47.    The aforementioned retaliation has caused Plaintiff to suffer irreparable loss and injury including, but not limited to, economic loss, humiliation, embarrassment, emotional distress (requiring therapy and treatment), physical harm and deprivation of his right to employment opportunities. In addition, the Defendants' retaliatory treatment of Plaintiff resulted in loss of pay, retirement benefits, job training, job progression and financial injury.

## COUNT II
## Disparate Treatment Discrimination Under ADEA

48.    Plaintiff incorporates the above allegations by reference as if fully set forth herein.

49.    This cause of action arises under the Age Discrimination in Employment Act.

50.    Plaintiff is 54 years old and will in fact turn 55 in December 2020.

51.    On September 12, 2019, the USPP announced the vacancy position for the Captain, Western District, Patrol Branch, Field Operations Division.

52.    Plaintiff was placed on a list of seven (7) candidates eligible to be promoted to Captain.

53.     On November 22, 2019, the Agency (i.e. Chief Mohahan based on the recommendation Deputy Chief Wilson) selected Jeffrey Schneider (est. age 36) for the position.

54.     The circumstances under which Schneider was selected evince an intention to discriminate.  At the end of the day, Plaintiff (age 54) was not selected for the position, and Mr. Schneider, (est. age  36) was selected for the position.

55.     The Plaintiff was subject to discrimination when he was not promoted to Captain based on his age.   In contrast to Mr. Schneider, the Plaintiff had superior qualifications experience, work history, and time in grade.

56.     On May 15, 2020, Chief Gregory Monahan and Deputy Chief Steven Booker removed Lt. John Dillon as the commanding officer of Aviation.

57.     Within a few hours of the removal, Chief Monahan and Deputy Chief Booker promoted Lt. Erich Koehler (est. age 31) to a specialized position.

58.     Plaintiff has superior qualifications to Lt. Koehler:

a)  Lt. Koehler has been a lieutenant for a period of several months; he had not even completed his probationary period as a lieutenant at the time of his promotion.

b)  Plaintiff has been a Lieutenant for over 9 years and has over 4 years of experience as a commanding officer in Aviation.

c)  Plaintiff has extensive supervisory experience: he directly supervises 5-12 sergeants and up to 60 officers spread out over 5 District stations.  Plaintiff ensures that there is a rapid and effective response to crimes in progress within the jurisdiction of USPP.  He works with other Department of Interior and agency personnel to ensure response.  He also responds to large demonstrations to protect citizens and keep the peace.

59.     The selection of Lieutenant Koehler to the position of Aviation Commander is a direct violation of the memorandum entitled "Procedures for Filling Positions at the Rank of Sergeant and Above" because there was no notice or announcement for the position.

60.     The Defendant has a particular practice of not promoting law enforcement officers who are in the 50's.  The following employees were all promoted to Captain and are younger than Plaintiff:

(1) Lt. Wayne Bridgeforth;

(2) Lt. Jeffrey Schneider (est. age 36);

 (3) Lt. Brandi Adamchik.

 (4)  Lt. Scott Brecht (est. age 36)

 (5) Lt. Chris Cunningham (est. age 44)

 (6) Lt. Louis Ligouri (in his 40's)

 (7) Lt. Lelani Woods (believed to be in her 30's or 40's)

61.     All of these promotions and transfers cannot be explained by simple business necessity. Indeed, the Plaintiff has extensive management and supervisory experience and has more time as a Lieutenant than all (or nearly all) of the foregoing individuals.

62.     Plaintiff has been subject to embarrassment, humiliation and public ridicule as co-workers point out that other less-qualified officers are promoted over him.

63.     Defendant's illegal discrimination and retaliation has caused Plaintiff to suffer irreparable loss and injury including, but not limited to, economic loss, humiliation, embarrassment, emotional distress, physical harm and deprivation of his right to employment opportunities.  In addition, the Defendant's discriminatory and retaliatory treatment of Plaintiff resulted in loss of pay, retirement benefits, job training, job progression and financial injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SIMEON KLEBANER, requests that this Court enter judgment in his favor and award him the following relief:

A.  Declare that the actions of Defendants constitute discrimination and retaliation in violation of Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.

B.  Order Defendants to cease and desist from all future discrimination and retaliation against Plaintiff within the USPP and Department of Interior.

C.  Award Plaintiff economic and non-economic damages in an amount to be determined at trial, for his loss and injury including, but not limited to, economic loss, embarrassment, humiliation, emotional pain and suffering, physical injuries, inconvenience, and other non-pecuniary losses and deprivation of his right to equal employment opportunities, in an amount to be determined, but in no event less than $400,000.00 and/or the maximum permitted by law for each violation.

D.  Award Plaintiff all lost salary and benefits that he would have received had Defendant not engaged in unlawful discrimination and retaliation, including appropriate back pay, benefits and front pay.

E.  Order the Defendant to give a positive recommendation when contacted by prospective employers of Plaintiff.

F.  Order the Defendant to give positive and appropriate preferential consideration for any employment positions he may apply for.

G.  Award Plaintiff prejudgment interest.

H. Award injunctive relief as may be appropriate.

I. Award Plaintiff  reasonable attorney's fees and costs incurred in this action and the administrative claim that preceded it;

J. Award such other relief as the Court deems appropriate and just.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff requests a trial by jury as to all issues in this case.

Respectfully Submitted,

__/s/___ David P. Weber _____
DAVID P. WEBER, #468260


__/s/___ Richard J. Link ___
RICHARD J. LINK, #443609
Counsel for Plaintiff
GOODWIN WEBER PLLC
267 Kentlands Boulevard, Suite 250
Gaithersburg, MD 20878
(301) 850-7600 x 101 (David P.Weber)
(301) 850-7600 x 103 (Richard J. Link)
(301) 850-3374 Fax
David.weber@goodwinweberlaw.com
Richard.Link@goodwinweberlaw.com